IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO RAMOS-QUIÑONEZ [2]<br><br>Defendant. | CRIMINAL NO. 15-633 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant Gilberto Ramos-Quiñonez [2] was charged in Counts One thru Five of a five count Indictment. Defendant agreed to plead guilty to Counts One, Two and Five of the Indictment. Count One charged Defendant with interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951. Count Two charged Defendant with possessing and brandishing firearms in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. Count Five charged Defendant with prohibited person in possession of a firearm: convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

On December 20, 2018, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One, Two and Five of the Indictment, upon being advised of his right to have said proceedings

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 2

before a district judge of this court.[1] Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Counts One, Two and Five, he was examined and verified as being correct that he had consulted with his counsel, Laura Maldonado, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of the same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 3

---

his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact, if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count One is a term of imprisonment of not more than twenty (20) years, pursuant to Title 18, United States Code, Section 1951; a fine not to exceed two hundred and fifty

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 4

thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2).

The penalty for the offense charged in Count Two is a minimum mandatory consecutive term of imprisonment of seven (7) years up to life. For purposes of the Plea and Forfeiture Agreement, the parties agree that Defendant will be held accountable for the included offense of possessing a firearm in furtherance of a crime of violence, which carries a statutory penalty of a minimum mandatory term of imprisonment of five (5) years and up to life, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than five (5) years.

The penalty for the offense charged in Count Five is a term of imprisonment of not more than ten (10) years, pursuant to Title 18, United States Code, Section 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); and a supervised release term of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2).

All counts have a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A), for a total of three hundred dollars ($300.00).

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 5

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One, Two and Five, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on pages five (5) and six (6), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.

As to Count One, the base offense level is twenty (20) for robbery, pursuant to U.S.S.G. §2B3.1(a). An increase of two (2) levels is agreed for a specific offense characteristic: a person was restrained, pursuant to U.S.S.G. §2B3.1(b)(4)(B). An increase

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 6

---

of one (1) level is agreed for a specific offense characteristic: a firearm was taken, pursuant to U.S.S.G. §2B3.1(b)(6). An increase of one (1) level is agreed for a specific offense characteristic: loss more than $20,000, pursuant to U.S.S.G. §2B3.1(b)(7)(B). A decrease of three (3) levels is agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1. Therefore, the total adjusted offense level is of twenty-one (21). This total adjusted offense level yields an imprisonment range of forty-one (41) to fifty-one (51) months, assuming a Criminal History Category of II.

As to Count Two, where Defendant pleads guilty for possessing a firearm in furtherance of a crime of violence, a minimum term of imprisonment of sixty (60) months is mandatory by statute to be served consecutive to any other term of imprisonment.

As to Count Five, the base offense level is twenty-two (22) for prior drug conviction and extended magazine, pursuant to U.S.S.G. §2K2.1(a)(3). An increase of eight (8) levels is agreed for a specific offense characteristic: 100-199 firearms, pursuant to U.S.S.G. §2K2.1(b)(1)(D). An increase of two (2) levels is agreed for a specific offense characteristic: firearm stolen, pursuant to U.S.S.G. §2K2.1(b)(4)(A). The cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed 29, therefore the offense level is reduced from 32 to 29. An increase of four (4) levels is agreed for a specific offense characteristic: engaged in the business of trafficking, pursuant to U.S.S.G. §2K2.1(b)(5). A decrease of three (3) levels is agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1. Therefore, the total adjusted offense level is of thirty (30). This total adjusted offense level yields an imprisonment range of one

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 7

hundred and eight (108) to one hundred and thirty-five (135) months, assuming a Criminal History Category of II.

Since Count One is nine (9) or more levels less serious than Count Five, it is not considered, pursuant to U.S.S.G. §3D1.4.

The parties do not stipulate any assessment to the defendant's Criminal History Category.

At sentencing, as to Count Two, both parties will request a term of imprisonment of sixty (60) months to be served consecutively to that imposed for Count Five. As to Count Five, the defense will request a term of imprisonment of one hundred and eight (108) months and the United States will be requesting a sentence of one hundred and thirty-five (135) months. The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitute a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

At sentencing, should Defendant comply with the terms of the Plea and Forfeiture Agreement, the Government will move to dismiss any remaining counts of the

<u>United States of America v. Gilberto Ramos-Quiñonez [2]</u>
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 8

Indictment.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears. Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing

United States of America v. Gilberto Ramos-Quiñonez [2]
Criminal No. 15-633 (GAG)
Report and Recommendation
Page 9

---

Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One, Two and Five was what he had done and to which he was pleading guilty during these

proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Counts One, Two and Five of the Indictment in Criminal No. 15-633 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One, Two and Five of the Indictment in Criminal No. 15-633 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for April 22, 2019 at 9:00 AM before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 20th day of December of 2018.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE